T.C. Summary Opinion 2012-3


UNITED STATES TAX COURT


GEORGE EDWARD HAM, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5467-11S.                    Filed January 5, 2012.


George Edward Ham, pro se.

Douglas S. Polsky, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax of $2,736 for 2007. The sole issue for decision is whether the full amount of mutual fund distributions petitioner received in 2007 is includable in his gross income.

## Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in the State of Missouri when the petition was filed.

In late 2006 and throughout 2007, petitioner purchased shares in four mutual funds managed by Janus Capital Group (Janus), a regulated investment company (mutual fund).[2] Petitioner did not sell any of these mutual fund shares in 2007.

At the end of 2007, petitioner received capital gain distributions, ordinary dividend distributions, and qualified dividend distributions (the distributions) from Janus in respect of the mutual fund shares that he had purchased. Janus reported the full amount of the distributions associated with each mutual fund to petitioner on a Form 1099-DIV, Dividends and Distributions.

---

[2] The mutual funds were not held in a tax-deferred account such as an individual retirement account.

Petitioner self-prepared his 2007 Federal income tax return, listing the full amount of the distributions on an attachment thereto.  Petitioner believed, however, that a portion of the distributions he received should be treated as a "return of capital" and was not includable in his gross income for 2007.  Consequently, petitioner reduced the amount of each distribution by what he calculated to be the "return of capital" associated with the purchase of the mutual fund shares, and he included only the resulting net amount in his gross income.

Petitioner subsequently received a notice of deficiency for 2007 in which respondent determined that the full amount of the distributions were includable in petitioner's gross income, rather than the reduced amounts reported by petitioner.

## Discussion[3]

Gross income is defined as "all income from whatever source derived" unless otherwise specifically excluded.  Sec. 61(a); sec. 1.61-1(a), Income Tax Regs.  Section 61(a)(7) provides that dividends are includable in gross income.  A shareholder who receives dividends from a mutual fund "shall include such dividends in gross income for the taxable year in which they are received."  Sec. 1.852-4(a)(1), Income Tax Regs.  Under section

---

[3]  We decide this case without regard to the burden of proof.

1(h), qualified dividends are subject to tax at preferential rates.

Section 852(b)(3)(B) provides that capital gain dividends distributed from a mutual fund "shall be treated by the shareholders as a gain from the sale or exchange of a capital asset held for more than 1 year." That gain must be "realized in the taxable year of the shareholder in which the dividend was received." Sec. 1.852-4(b)(1), Income Tax Regs. Section 1222(3) defines "long-term capital gain" as "gain from the sale or exchange of a capital asset held for more than 1 year". Under section 1(h), net long-term capital gains are also subject to tax at preferential rates.[4]

Petitioner does not dispute that he received the distributions reported by Janus. Instead, petitioner asserts that a portion of each distribution should be treated as a "return of capital". Under his "return of capital" theory, petitioner posits that because he purchased the Janus mutual fund shares between record dates, a portion of the purchase price he paid for the shares represents "accrued dividends" that had accumulated since the last record date. According to petitioner, the distributions he received at the end of 2007 included these "accrued dividends" that he had purchased. Petitioner contends

---

[4] However, for purposes of sec. 1(h)(11), a capital gain dividend distributed from a mutual fund is not considered a dividend. Sec. 854(a).

that the gross distributions must therefore be reduced by the portions representing the "accrued dividends" he purchased because, in petitioner's view, those portions are treated as "returns of capital" and should not be includable in his gross income.

Gross income is an inclusive term with broad scope, intended by Congress to "exert * * * 'the full measure of its taxing power.'" Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). Unless specifically excluded by another provision of the Internal Revenue Code, the full amount of the distributions petitioner received must be included in his gross income for 2007. See Commissioner v. Glenshaw Glass Co., supra at 430.

Petitioner points to no statutory provision that excludes from gross income a portion of the distributions he received. Indeed, the methodology petitioner used to exclude a portion of the distributions is without any statutory basis. Rather, with respect to dividends, "The fact that the purchaser may have included the amount of the dividend in his purchase price in contemplation of receiving the dividend does not exempt him from tax." Sec. 1.61-9(c), Income Tax Regs. Consequently, we hold that the full amount of the distributions in issue is includable in petitioner's gross income for 2007.

## Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

To reflect our disposition of the disputed issue, and in order to account for any advance payment made by petitioner,

<u>Decision will be entered</u>

<u>under Rule 155</u>.